IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADONIS R. MICKLES,<br><br>                   **Plaintiff,**<br><br>v.<br><br>WEXFORD HEALTH SOURCE INC.,<br>CHAD JENNINS,<br>PHIL MARTIN,<br>DR. THOMAS,<br>RN MURRAY, and<br>RN BRAYFIELD,<br><br>                 **Defendants.** | Case No. 25-cv-00957-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Adonis Mickles, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Robinson Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT[1]

Plaintiff alleges that when he arrived at Robinson Correctional Center (Robinson), he told

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarass,* 886 F.3d 639, 644 (7th Cir. 2018).

Dr. Thomas that he is diabetic and that three times a day he monitors his blood sugar with Accu-Chek and takes insulin. (Doc. 1, p. 6). Dr. Thomas told Plaintiff that they do not "do Accu-Cheks" or give insulin at lunch time. (*Id.* at p. 6, 11). Since he was only being administered insulin twice a day, Plaintiff began receiving too much insulin during his morning and evening doses. (*Id.* at p. 6, 11). This administration schedule caused his blood sugar to drop constantly, and he almost slipped into a diabetic coma on three occasions from May 8-10, 2025. (*Id.* at p. 12).

Plaintiff spoke to Nurse Murray, Nurse Brayfield, and others about his situation and requested that his blood sugar level be check and that he be administered insulin at lunch time. (Doc. 1, p. 11-12). He asserts that every time he asks Nurse Murray for help with his situation, she "finds it to be a joke and send[s] [Plaintiff] back to his housing unit." (*Id.* at p. 6).

Plaintiff also alleges that he was given the wrong insulin by Nurse Brayfield. (Doc. 1, p. 6).

## PRELIMINARY DISMISSAL

Plaintiff does not assert any allegations against Wexford Health Source Inc. in the body of the Complaint. Therefore, Wexford Health Source Inc. and any claims against it are dismissed without prejudice. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

    **Count 1:**    Eighth Amendment claim against Nurse Brayfield for administering to Plaintiff the wrong insulin.

    **Count 2:**    Eighth Amendment claim against Jennins, Martin, Thomas, Murray, and Brayfield for failing to provide adequate medical care for Plaintiff's diabetes.

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). This indifference includes "intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment." *Id.* at 829. To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez,* 914 F. 3d 1040, 1049 (7th Cir. 2019).

**Count 1**

Although not entirely clear, Plaintiff appears to claim that on a single occasion, presumably March 30, 2024, Nurse Brayfield gave him the wrong type of insulin. (Doc. 1, p. 6, 10). Based on this general allegation, the Court cannot make the plausible inference that Nurse Brayfield "consciously ignored a risk of harm" to Plaintiff when dispensing the wrong insulin one time. *See Brown v. Cascadden*, No. 19-3511, 2022 WL 523083, at *1-2 (7th Cir. Feb. 22, 2022). *See also Robbins v. Waupun Corr. Inst.,* 16-CV-1128, 2016 WL 5921822, at *3 (E.D. Wisc. Oct. 2016); *Morrison v. Utz,* No. 11-CV-4110, 2012 WL 293548, at *2 (C.D. Ill. Jan. 31, 2012); *Richmond v. Dart,* No. 12 C 0954, 2012 WL 567245, at *2 (N.D. Ill. Feb. 17, 2012) (prisoner did not state a claim based on allegations that the nurse failed to confirm the medication in question was being taken by the right inmate resulting in a severe allergic reaction); *Ehrenberg v. Wis. Dep't of Corr.,*

---

[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

No. 10 C 1022, 2010 WL 5089484 (E.D. Wis. Dec. 7, 2010) (prisoner stated no constitutional claim based on allegations that he was given the wrong dosage of medicine); *Davis v. Baker,* No. 08 C 1310, 2010 WL 779502 (S.D. Ind. Feb. 26, 2010) (granting summary judgment to defendant on claim that defendant handed inmate wrong medication one time); *Kirkwood v. Sirin,* No. 06 C 0139, 2006 WL 587698 *3 (E.D. Wis. Mar. 9, 2006) (prisoner failed to state constitutional claim for being given wrong medication on one day); *Ingram v. Brewer,* 7-cv-00176, 2009 WL 464491, at *1-2 (E.D. Cal. Feb. 24, 2009) (prisoner failed to state a constitutional claim for being injected with the wrong medication despite telling the defendant and then becoming sick). Accordingly, Count 1 is dismissed without prejudice.

**Count 2**

Plaintiff has failed to state a claim against Dr. Thomas for inadequate treatment of his diabetes. Plaintiff states that he spoke with Dr. Thomas about his diabetes treatment when he arrived at Robinson, but there are no allegations that he later informed Dr. Thomas that the treatment being provided for his diabetes was inadequate and causing his health to deteriorate. Accordingly, there is no indication that Dr. Thomas knew of a serious risk to Plaintiff's health and disregarded that risk. Count 2 is dismissed as to Dr. Thomas.

Count 2 is also dismissed against Warden Jennins and Medical Director Martin. Plaintiff asserts that he tried to ask someone to speak with Martin or Jennins, but he is always told by whomever he speaks with that "they are going to get them." He still has not seen or heard from Martin or Jennins. Based on these facts, neither Martin nor Jennins were personally involved in providing medical care to Plaintiff or "actually knew" or "was exposed to information" that Plaintiff was receiving inadequate care for his diabetes. See *Pierson v. Hartley,* 391 F. 3d 898, 902 (7th Cir. 2004). Furthermore, Plaintiff cannot assert liability solely on the fact that these individuals were in supervisory positions. See *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.

2001).

The Court will allow Count 2 to proceed against Nurse Brayfield and Nurse Murray. Plaintiff alleges that he spoke to both nurses about the problems with his insulin schedule and that it is causing him further health complications. Nurse Brayfield and Nurse Murray, however, have failed to act to provide or ensure Plaintiff is provided with the necessary care. Plaintiff has sufficiently stated a claim for an Eighth Amendment violation against Nurse Brayfield and Nurse Murray.

### SHOW CAUSE

Although Plaintiff has a viable claim against Nurses Brayfield and Murray, he is directed to show cause why Count 2 should not be dismissed for failure to exhaust his administrative remedies prior to initiating this lawsuit.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Strict adherence to the PLRA's exhaustion provisions is required. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Aside from the statutory exception to the exhaustion requirement for when administrative remedies are unavailable, "the PLRA's text suggests no limits on an inmate's obligation to exhaust–irrespective of any 'special circumstances.'" *Ross v. Blake*, 578 U.S. 632, 639 (2016).

The Court recognizes that exhaustion requirement is an affirmative defense, and generally, it is appropriate to wait for a defendant to raise the affirmative defense. *See Pavey v. Conley*, 663

F.3d 899, 903 (7th Cir. 2011). The Seventh Circuit has noted, however, that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002). Such is the case here, where it appears from Plaintiff's Complaint that he has failed to fully exhaust his administrative remedies prior to filing this lawsuit regarding his allegations that he is improperly being given insulin twice a day, instead of three times a day, which is severely impacting his health.

Here, Plaintiff claims that he became ill and almost slipped into a diabetic coma from May 8-10, 2025. According to the exhibits attached to his Complaint, he filed his grievance pertaining to his insulin schedule and his poor health on May 12, 2025. He initiated this lawsuit four days later on May 16, 2025. Based on this short timeline, it appears that Plaintiff has filed this lawsuit concerning his diabetic treatment schedule prior to full exhaustion. Thus, before allowing Plaintiff to proceed any further with this litigation, he must **SHOW CAUSE** why Count 2 and this case should not be dismissed for failure to exhaust his administrative remedies[3].

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED**.[4] In an attempt to find an attorney on his own, Plaintiff states that he wrote to seven attorneys asking for assistance, but he has not received any responses. The Court cannot determine that Plaintiff has made sufficient efforts to find a lawyer based on this limited information. Thus, Plaintiff has failed to meet his threshold burden of demonstrating attempts to recruit counsel on his own, prior to seeking assistance from the Court.

---

[3] Currently, Count 2 is the only surviving claim. Therefore, a dismissal of Count 2 would mean a dismissal of this entire case.
[4] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Additionally, the Court finds that Plaintiff is capable of representing himself at this early stage in the case. Plaintiff states that he is unable to represent himself because he does not "have knowledge of legal work." Plaintiff's limited knowledge of the law, however, is not unique to him as a pro se litigant and does not necessarily warrant recruitment of counsel at this time. Plaintiff is a high school graduate and has demonstrated that he can clearly communicate with the Court. The Court believes that Plaintiff is capable of responding to the Court's order to show cause without assistance.

Once Defendants are served and discovery on the merits has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include additional information about his efforts, such as the names and address of the lawyers he contacted, when he contacted each firm, and also include supporting documentation, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is **DISMISSED without prejudice. COUNT 2** will proceed against Murray and Brayfield and is **DISMISSED without prejudice** as to Jennins, Martin, and Thomas. All claims against Wexford Health Source Inc. are **DISMISSED without prejudice.** Because there are no surviving claims against Wexford Health Source Inc., Jennins, Martin, and Thomas, the Clerk of Court is **DIRECTED** to terminate them as parties on the docket.

Before the Court will order service on Defendants Murray and Brayfield, Plaintiff is **ORDERED** to show cause in writing as to why this case should not be dismissed for failure to exhaust his administrative remedies prior to initiating this lawsuit. Plaintiff shall respond to this

Order no later than **December 22, 2025.** Plaintiff is **WARNED** the failure to respond to this Order may result in dismissal of this action **WITH PREJUDICE.**

Plaintiff further is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 1, 2025**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**