IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADONIS R. MICKLES,<br><br>              **Plaintiff,**<br><br>v.<br><br>RN MURRAY, and<br>RN BRAYFIELD,<br><br>              **Defendants.** | Case No. 25-cv-00957-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Adonis Mickles, an inmate of the Illinois Department of Corrections, commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges that he has received constitutionally inadequate medical care for his diabetes since arriving at Robinson Correctional Center. (Doc. 1). He asserts that rather than being administered insulin three times a day, he is only being given insulin twice at a day but in higher doses. This insulin administration schedule has resulted in his blood sugar consistently dropping, and he claims that he almost slipped into a diabetic coma on three occasions from May 8-10, 2025. Plaintiff also alleges that back on March 30, 2024, he was given the wrong type of insulin.

      Upon review of the Complaint pursuant to Section 1915A, the Court delineated two counts. (Doc. 8, p. 2). Count 1, an Eighth Amendment claim based on the factual allegations that Plaintiff had been given the wrong type of insulin on March 30, 2024, was dismissed. (*Id.* at p. 3). Plaintiff was allowed to proceed with Count 2 against Nurses Murray and Brayfield for violating Plaintiff's Eighth Amendment right for failing to act and ensure that Plaintiff received proper medical

treatment after being informed that the insulin schedule was causing him health complications. (*Id.* at p. 5). The Court observed, however, that it appeared that Plaintiff had failed to exhaust his administrative remedies as to Count 2 prior to filing this lawsuit. (*Id.*). According to the Complaint and attached exhibits, Plaintiff became ill and almost slipped into a diabetic coma from May 8-10, 2025, and he filed his grievance pertaining to his insulin schedule and poor health on May 12, 2025. (*Id.* at p. 6). He then initiated this lawsuit only four days later on May 16, 2025. (*Id.*). Based on this short timeline, it appeared that Plaintiff filed this case prior to full exhaustion. (*Id.*). Plaintiff was informed that before Defendants would be served and he could proceed with this lawsuit, he must show cause on or before December 22, 2025, why Count 2 and this entire case should not be dismissed for failure to exhaust his administrative remedies. (*Id.* at p. 6, 7-8). The deadline has passed, and Plaintiff has not filed a response; nor has he requested more time to do so.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck."

*Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

It is obvious from the Complaint that Plaintiff has failed to comply with the PLRA and fully exhaust his administrative remedies as to his surviving claim, Count 2, prior to filing this lawsuit. Plaintiff filed his grievance regarding his insulin schedule on May 12, 2025, and the counselor responded to the grievance on May 13, 2025. (Doc. 1, p. 11-12). It would have been impossible for Plaintiff to complete the remaining steps in the Illinois Department of Corrections' grievance process prior to filing this lawsuit[1] on May 16, 2025. The Seventh Circuit takes a "strict compliance approach to exhaustion" and "as long as the administrative authority has the ability to take some action in response to the complaint," the inmate has not exhausted his administrative remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). By filing his lawsuit prior to receiving a favorable decision or a final response from the Administrative Review Board, Plaintiff has filed this case prematurely. *Griffin v. Auterson*, 547 F. App'x 785, 787 (7th Cir. 2013) (citing *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006)) ("Exhausting before suing allows the prison administrators a chance to remedy possible mistakes before court intervention and ensures that prisoners concentrate on the grievance process, not litigation."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (even if prisoner eventually exhausts while suit is pending, court must dismiss his suit without prejudice). Accordingly, this case is dismissed without prejudice for failure to exhaust his administrative remedies.

The Court further notes that Plaintiff appears to have abandoned the prosecution of this case. Over three weeks have passed since the show cause order deadline expired, and Plaintiff has not filed anything with the Court. He was warned that failure to respond may result in dismissal

---

[1] After receiving a response from the counselor, Plaintiff is required to appeal his grievance to a grievance officer, who forwards the grievance to the warden, and then appeal the grievance to the Administrative Review Board. 20 ILL. ADMIN. CODE § 504.830, 504.850.

of this case. Plaintiff has not expressed interest in pursuing this litigation, and therefore, the case is also dismissed without prejudice for failure to prosecute. FED. R. CIV. P. 41(b).

## DISPOSITION

Plaintiff's Complaint (Doc. 1) and this entire care are **DISMISSED without prejudice** for failure to exhaust administrative remedies and for failure to prosecute claims. The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

DATED:   January 14, 2026

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**
